Cheryl L. O'Connor (State Bar No. 173897)
coconnor@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  +1.949.851.3939
Facsimile:   +1.949.553.7539

Attorneys for Third Party
EDWARDS LIFESCIENCES
CORPORATION

FILED
CLERK, U.S. DISTRICT COURT
10/6/2015
CENTRAL DISTRICT OF CALIFORNIA
BY: LB  DEPUTY

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiffs,<br><br>  v.<br><br>WENFENG LU,<br><br>  Defendants. | Case No. 8:12-cr-00277-AG-1<br><br>**EX PARTE APPLICATION OF THIRD PARTY EDWARDS LIFESCIENCES CORPORATION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT WENFENG LU'S RULE 17(c) SUBPOENAS**<br><br>[UNDER SEAL]<br><br>The Honorable Andrew J. Guilford |

LODGED
2015 OCT -2 PM 4:07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

BY FAX

COPY

NAI-1500566933v1

Ex Parte for Extension re Rule 17c Subpoenas
Case No. 8:12-cr-00277-AG-1

**NOTICE OF EX PARTE APPLICATION AND APPLICATION**

TO THIS COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD: Please take notice that, pursuant to Federal Rule of Criminal Procedure 17(c)(2) and Local Rule 7-19, third party Edwards Lifesciences Corporation ("Edwards"), which is the victim of the crimes charged in the Indictment in this case, hereby applies to this Court *ex parte* for an order modifying and extending the time within which Edwards must respond to two trial subpoenas ("the Lu Subpoenas") issued on behalf of Defendant Wenfeng Lu ("Defendant Lu"). Specifically, in light of the recent eight-month continuance of the trial date, Edwards requests that the deadline for its response to the Lu Subpoenas likewise be extended from October 5, 2015 to May 23, 2016. The additional time is necessary for at least five reasons:

(1) The trial date was recently continued for eight months pursuant to a stipulation between Defendant Lu and the government that recognizes "further anticipated action by the government and defendant" may affect the need for Edwards to comply with the subpoenas. Such further action could be the resolution of the case via plea agreement, the addition of new charges or modification of existing charges via superseding indictment, the filing of significant motions by Defendant Lu or the government, or the production of additional discovery by the government, to name but a few examples. Any such action could either completely eliminate or substantially alter Defendant Lu's alleged need to obtain documents via subpoena to Edwards, and in turn eliminate or alter Edwards's need to respond to the Lu Subponeas.

(2) Even absent any further action by the government and defendant, it is unreasonable and oppressive to require Edwards, the victim of the crimes charged in the Indictment, to bear the burden and expense of responding—*eight months prior to trial*—to two trial subpoenas seeking 33 extremely broad categories of documents, particularly where Edwards has already provided voluminous material

to the government, which in turn has produced the documents to Defendant Lu in the course of discovery.

(3) Edwards needs additional time to meet and confer with Defendant Lu regarding the scope of the subpoenas, which may reduce the burden on Edwards of responding and may eliminate the need to burden the Court with a motion to quash.

(4) The existing Protective Order only governs documents produced by the government, and provides no protection for any trade secret or confidential material sought from Edwards pursuant to the subpoenas. Edwards needs additional time to obtain a Protective Order before producing any documents.

(5) Defendant Lu's two applications seeking issuance of the subpoenas were filed *ex parte* and under seal. Edwards needs additional time to obtain Defendant Lu's applications in order to evaluate the merits of a motion to quash the subpoenas.

Good cause exists to hear this matter on an *ex parte* basis because the above-identified issues cannot be resolved before the current return date of October 5, 2015, and Defendant Lu has refused to stipulate to an additional extension of time, despite agreeing to an eight-month continuance of the trial date.

Defendant Lu will not be prejudiced by the requested extension of time because it provides Defendant Lu the same amount of time (29 days) to review any documents produced in response to the subpoenas that he would have had under his own original time table. Defendant Lu originally requested, and the Court ordered, a return date of September 21, 2015, which was 29 days before the scheduled trial date of October 20, 2015. Edwards requests an extension to May 23, 2016, which is 29 days before the currently scheduled trial date of June 21, 2016. Nor will Defendant Lu be prejudiced by the extension of time if Edwards files a motion to quash the subpoena because the extension will permit any such motion to be fully noticed rather than filed on shortened time, as permitted by the Court's July 31, 2015 Order issuing Defendant Lu's requested subpoenas. (CR 68.)

1  Counsel for Defendant Lu was provided oral and written notice of this
2  Application on September 30 and October 1, 2015. Counsel for Defendant Lu does
3  not oppose an extension for a "reasonable period of time" but does oppose a May
4  2016 return date. The contact information for Defendant Lu's counsel is: Daniel
5  Olmos, Nolan Barton Bradford Olmos LLP, 600 University Avenue, Palo Alto,
6  California 94301, Telephone: (650) 326-2980, Fax: (650) 326-9704, email:
7  dolmos@nablaw.com.

8  This Application is based upon this Notice of Application and Application,
9  the attached Memorandum of Points and Authorities, the concurrently filed
10 Declaration of Cheryl L. O'Connor, all other papers on file in this case, and such
11 further evidence and argument as may be presented at any hearing on this
12 Application.

13
14 Dated: October 2, 2015                JONES DAY
15
16                                        By: */s/ Cheryl L. O'Connor*
                                              Cheryl L. O'Connor
17
                                          Attorneys for Third Party
18                                        EDWARDS LIFESCIENCES
                                          CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It is unreasonable and oppressive to require Edwards—the victim of the charged crimes—to bear the expense and burden of responding to Defendant Lu's subpoenas seeking 33 overly broad categories of documents *eight months prior to trial*, particularly given the likelihood that developments in the case prior to trial may either completely eliminate or substantially alter Edwards's need to comply at all. Moreover, prior to responding to the subpoena, Edwards needs additional time to secure a Protective Order for its trade secret and confidential information, to negotiate with Defendant Lu regarding the scope of the subpoenas in the hope of narrowing the categories of documents sought, and to obtain Defendant Lu's sealed applications for the issuance of the subpoenas in order to further evaluate the merits of a motion to quash.

Despite stipulating to an eight-month trial continuance (which is the eighth continuance in this case), and representing in the stipulation with the government that he had agreed to "delay [Edwards's] compliance with the subpoena pending further anticipated action by the government and the defense" (CR 72; Declaration of Cheryl L. O'Connor ("O'Connor Decl."), Ex. A), Defendant Lu has refused to stipulate to an extension of time for Edwards to respond to the subpoenas and has stated that Edwards is "stuck with" the October 5, 2015 date. (O'Connor Decl., ¶¶ 3, 11-12, Ex. B.)[1] Accordingly, for the reasons set forth below, Edwards seeks relief via this *ex parte* Application.

---

[1] Defense counsel's contention that the quoted language from the stipulation refers to Defendant Lu's agreement with Edwards to extend the time for a compliance from September 21 to October 5, 2015 is unfounded because that extension was expressly based on Edwards's counsel's unavailability while she was engaged in a lengthy jury trial, and was unrelated to any "anticipated action by the government and the defense." (*See* CR 70; O'Connor Decl., Ex. C.)

## II. FACTUAL BACKGROUND

### A. Lu's Criminal Theft of Trade Secrets from Edwards

Edwards Lifesciences Corporation ("Edwards"), headquartered in Irvine California, is a global leader in the science of heart valves and hemodynamic monitoring, which is the monitoring of the movement of blood and the pressure being exerted in the veins, arteries, and chambers of the heart. (CR 1; O'Connor Decl., Ex. D at ¶ 9.) Among the products made by Edwards is a transcatheter heart valve system, a tissue heart valve mounted inside a stent, for use in aortic valve replacement. (*Id.* at ¶ 10.) Since approximately 2009, Edwards has been developing a concept for a transcatheter ultra low-profile, self-expanding (i.e., no balloon used) aortic valve with a motorized delivery system. (*Id.*) The revenues from the sales and potential sales of these devices are in the billions of dollars, and Edwards has spent hundreds of millions of dollars in development costs for each of these devices. (*Id.*) Edwards's trade secrets involved in the development of these devices have applications beyond transcatheter heart valves, including to balloon angioplasty and stents, and the standard operating procedures for the industry. Edwards's innovative technologies have enabled clinicians to save and enhance the lives of an enormous number of people suffering from cardiovascular disease.

In October 2011, Defendant Lu began working at Edwards as an R&D Staff Engineer assigned to the Transcatheter Heart Valve group. (*Id.* at ¶ 11.) Despite Edwards's extensive measures to protect its trade secrets and confidential material, on numerous occasions between October 2011 and August 2012, Defendant Lu sent documents pertaining to confidential products and components to his personal email and his wife's personal email, and downloaded the material onto non-Edwards storage devices outside the scope of his work. (*Id.* at ¶¶ 19-25.) In September 2012, Edwards became aware of suspicious email traffic between Defendant Lu and persons in the People's Republic of China ("PRC") on

1  Edwards's email system, and contacted the FBI.  (See *Id.* at ¶¶ 3, 26–34.)

2  On November 16, 2012, one day before Defendant Lu was scheduled to fly from the United States to the PRC, the government filed a Criminal Complaint against him, charging Conspiracy and Theft of Trade Secrets, in violation of Title 18, United States Code, Sections 371 and 1832.  (*Id.* at ¶ 2.)  The government also sought and obtained a warrant for Defendant Lu's arrest, and a warrant to search Defendant Lu's residence for additional evidence of his criminal conduct.  (*Id.*)

On December 12, 2012, a federal grand jury returned an indictment charging Defendant Lu with eight counts of Theft and Unauthorized Possession of Trade Secrets belonging to Edwards, all in violation of 18 U.S.C. § 1832(a).  (CR 20.)

   B.   <u>The Government and Lu Stipulate to Continue the Trial Eight Times for a Total Extension of Three Years and Four Months</u>

At Defendant Lu's Post-Indictment Arraignment on December 17, 2012, Magistrate Judge Rosenbluth set a trial date of February 5, 2013.  (CR 25.)  Over the course of the next three years, Defendant Lu and the government stipulated to and obtained eight continuances of the trial date, for a total extension of three years and four months.  (CR 31-32; 33-34; 38-39; 41-42; 43-44; 50, 52; 63-64; 72-73.)

   C.   <u>Defendant Lu's Rule 17(c) Subpoenas to Edwards</u>

On January 22, 2015, Lu applied *ex parte* and under seal for the Court to issue a subpoena to Edwards pursuant to Federal Rule of Criminal Procedure 17(c). (CR 60, 61.)  The Court granted the request (CR 62), and on January 29, 2015, Defendant Lu served outside counsel for Edwards with the subpoena ("the First Subpoena"), which sought twenty-seven broad categories of documents, and included expansive language such as "This request includes but is not necessarily limited to . . ." (O'Connor Decl., ¶ 6, Ex. E.)  Prior to the return date of March 2, 2015, Edwards and Defendant Lu agreed "to delay compliance until further anticipated action by the government and the defense." (*See* CR 63; O'Connor Decl., Ex. F.)

On July 31, 2015, Defendant Lu again applied *ex parte* and under seal for a Rule 17(c) subpoena to Edwards ("the Second Subpoena"), and for reissuance of the First Subpoena. (CR 65-67.) Again, the Court granted Defendant Lu's request (CR 68), and on August 12, 2015, defense counsel served the Second Subpoena on outside counsel for Edwards. (O'Connor Decl., ¶ 8, Ex. G.) The Second Subpoena sought six additional broad categories of documents. The return date for both the Second Subpoena and the re-issued First Subpoena was September 21, 2015 (*id.*), but because outside counsel for Edwards had been occupied in a lengthy jury trial since just days after service of the subpoenas, Edwards and Defendant Lu stipulated to a two-week extension of time to October 5, 2015. (CR 70; O'Connor Decl., Ex. C.) The Court granted the requested extension on September 21, 2015. (CR 71.) Just two days later, however, Defendant Lu and the government filed their eighth request for a continuance, seeking an eight-month extension of the trial date to June 21, 2016. (CR 72; O'Connor Decl., Ex. A.) The stipulation again contemplated "further anticipated action by the government and the defense" that might impact the timing of Edwards' response to the Subpoenas. (*Id.*)

### III. EDWARDS SHOULD BE GRANTED ADDITIONAL TIME TO RESPOND TO THE LU SUBPOENAS

Where the government and Defendant Lu have been granted an eight-month extension of time to prepare for trial, it would be unreasonably oppressive and burdensome to deny the victim of the charged crimes, Edwards, a similar extension of time to respond to the Lu Subpoenas. Beyond basic fairness, the additional time is necessary for at least five more specific reasons, as set forth below.

First, in seeking the two most recent trial continuances, Defendant Lu and the government have submitted stipulations to the Court that refer to delaying Edwards's compliance with the subpoena "pending further anticipated action by the government and defendant." (O'Connor Decl., Ex. A at ¶ 5.a., Ex. E at ¶ 5.a.) Such further action by the government and defendant may take any number of

forms, such as the disposition of the case pursuant to a plea agreement, the modification of existing charges or addition of new charges via a superseding indictment, the filing of significant motions by Defendant Lu or the government, or the production of additional discovery by the government. Any of these actions could completely eliminate or substantially modify the documents Defendant Lu seeks pursuant to the Rule 17(c) subpoenas, and in turn eliminate or modify the need for Edwards to respond to the subpoenas. Thus, it would be unreasonable and oppressive to require Edwards—the victim of the charged crimes—to bear the burden of responding to a subpoena that in all likelihood may no longer be relevant at the time of trial, if any. It would be unwise and unfair to insist on compliance by Edwards before allowing sufficient time for such "further anticipated action by the government and defendant" to occur.

Second, even absent any further action by the government and defendant, it is unreasonable and oppressive to require Edwards, *eight months prior to trial,* to bear the burden and expense of conducting costly and time-consuming searches for 33 broadly-defined categories of documents, particularly where Edwards has already provided voluminous records to the government, which the government in turn has produced to Defendant Lu in the course of discovery. (O'Connor Decl., ¶ 10.)

Third, even to respond to the existing subpoenas in their current form, Edwards needs additional time to meet and confer with Lu in the hope of narrowing the scope of the subpoenas and clarifying the identity of the specific documents sought, which would reduce the burden and expense to Edwards of responding, and might eliminate the need to burden the Court with a motion to quash.

Fourth, the existing Protective Order only governs documents produced by the government, and provides no protection for any trade secret or confidential material sought from Edwards pursuant to the subpoenas. (CR 51; O'Connor Decl., Ex. H.) In order to adequately protect its valuable trade secrets and other confidential material, Edwards needs additional time to obtain a Protective Order to

1  govern any production of documents in response to the subpoenas.

2  Finally, because Defendant Lu's two applications seeking issuance of the
3  subpoenas were filed *ex parte* and under seal, Edwards needs time to obtain Lu's
4  applications in order to further evaluate the merits of a motion to quash the
5  subpoenas.

6  None of these issues can be resolved before the current return date of
7  October 5, 2015, and Defendant Lu has refused to stipulate to an additional
8  extension of time, despite agreeing to an eight-month continuance of the trial date.
9  (O'Connor Decl., ¶¶ 3, 11-12, Ex. B.)

10 Defendant Lu will not be prejudiced by the requested extension because it
11 provides Defendant Lu the same amount of time (29 days) to review any documents
12 produced in response to the subpoenas that he would have had under his own
13 original time table.  Defendant Lu originally requested, and the Court ordered, a
14 return date of September 21, 2015, which was 29 days before the then-scheduled
15 trial date of October 20, 2015.  Edwards requests an extension to May 23, 2015,
16 which is 29 days before the currently scheduled trial date of June 21, 2016.  Nor
17 will Defendant Lu be prejudiced by the requested extension if Edwards ultimately
18 files a motion to quash the subpoena.  Indeed, Defendant Lu will have *more* time to
19 respond to the motion because the requested extension will permit any such motion
20 to be filed on a fully noticed basis rather than filed on shortened time, as permitted
21 by the Court's July 31, 2015 Order issuing Lu's requested subpoenas.  (CR 68.)
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## IV. CONCLUSION

For all the foregoing reasons, Edwards respectfully requests that the deadline for it to respond to Defendant Lu's two Rule 17(c) subpoenas be extended from October 5, 2015 to May 23, 2016.

Dated: October 2, 2015                    JONES DAY

By: */s/ Cheryl O'Connor*
     Cheryl L. O'Connor

Attorneys for Non-Party
EDWARDS LIFESCIENCES CORPORATION